**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kodi Lawan Edge,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　Defendant. | No. CV-21-00552-TUC-JCH<br><br>**ORDER** |

  In 2015, Plaintiff filed for disability benefits. Administrative Record ("AR") 298, 313. She alleged impairments from fibromyalgia, vertigo, post-traumatic stress disorder (PTSD), anxiety, depression, bipolar disorder, and migraines. AR 298–99, 313–14.

  Over the next five years, Plaintiff's claim was denied five times. In February 2016, the Social Security Administration Commissioner denied Plaintiff's claim. AR 298, 313. In September 2016, the Commissioner again denied Plaintiff's claim on reconsideration. AR 331. In 2018, an Administrative Law Judge ("ALJ") heard Plaintiff's case and issued an unfavorable decision. AR 374. In 2020, the Appeals Council remanded back to the ALJ. AR 369. The ALJ conducted another administrative hearing and two supplemental hearings. In August 2021, the ALJ again issued an unfavorable decision. In early December 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

  In late December 2021, Plaintiff brought this action under 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's unfavorable decision. Doc. 1. The Court

referred the matter to Magistrate Judge D. Thomas Ferraro for a Report and Recommendation ("R&R") under 28 U.S.C. § 636(b)(1) and LR Civ. 71.2 and 72.2. Doc. 9. Judge Ferraro issued his R&R, recommending that this Court remand for further proceedings. Doc. 20. The R&R notified the parties they had fourteen days to file any objections. *Id.* at 11. Plaintiff objected, Doc. 21 ("Objection"), but the Commissioner did not. The Commissioner instead replied to Plaintiff's Objection. Doc. 22.

**I.      Legal Standard**

A district court reviews objected-to portions of an R&R de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may be considered a waiver of a party's right to de novo consideration of the issues. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc).

**II.     Analysis**

Plaintiff objects only to the Magistrate's recommendation that the Court remand her case for further proceedings. Objection at 2. When a reviewing court determines that the Social Security Administration erred in denying benefits, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "Rare circumstances" are those "where no useful purpose would be served by further administrative proceedings." *Id.* at 1100 (citation omitted). Further "[a]dministrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or … further evidence [could be useful] in light of the passage of time." *Id.* at 1101 (citing among others *I.N.S. v. Orlando Ventura*, 537 U.S. 12, 18 (2002)) (other citations and quotations omitted). Here, the Magistrate recommended that further proceedings would be useful "given the passage of time." R&R at 10 (citing *Treichler*).

Plaintiff objects that the "passage of time" is an unreasonable basis for following the ordinary remand rule in this case. Objection at 4. Plaintiff observes that the ALJ considered evidence drawn from over six years following Plaintiff's alleged disability onset

date. *Id.* at 5. Plaintiff urges the Court to "consider how long [she] has waited for the benefits to which she is entitled when considering the appropriate judicial relief." *Id.* (citing *Varney v. Sec'y of Health and Human Servs.*, 859 F.2d 1396, 1398 (9th Cir. 1988). Plaintiff concludes that the passage of time is evidence justifying an immediate award of benefits, not remand. *Id.*

Plaintiff's objection is unfounded. In *Varney*, the court departed from the ordinary remand rule primarily because the administrative record was complete. *See* 859 F.2d at 1398; *Treichler*, 775 F.3d at 1100 (discussing *Varney*). The court mentioned how long the claimant's case had been pending only as an equitable consideration that is not part of this Court's "rare circumstances" analysis. *Compare Varney*, 859 F.2d at 1398, *with Treichler*, 775 at 1100–1101. Plaintiff essentially proposes a new rule in which the "passage of time" factor reverses its role and weighs in favor of an immediate award rather than ordinary remand. However desirable that may appear, it is not the law.

Plaintiff's objection to remand is also unpersuasive. Uncontested portions of the ALJ's decision show that Plaintiff's symptoms improved when she adhered to prescribed treatment. AR 40–41. Remand could therefore be "useful here because the presentation of further evidence … may prove enlightening in light of the passage of time regarding whether [Plaintiff]'s symptoms are or would be significantly reduced with proper use of [her prescribed treatment]." *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017) (citation and quotation omitted); *see also Orlando Ventura*, 537 U.S. at 18 (the "passage of time" is relevant to potentially changed circumstances). If only for that reason, following the ordinary remand rule is warranted in this case.

Remand is also warranted to resolve conflicts and ambiguities in the record. Upon further review, aspects of the record not explicitly cited by the ALJ may support a renewed assignment of light weight to Dr. Treusch's opinion. *Compare, e.g.*, R&R at 8–9, *with* AR 38, 130–131 (distinguishing between self-reported symptoms and Dr. Treusch's observations), AR 47 (distinguishing between checklist forms and in-depth written analysis but not within the paragraph dedicated to Dr. Treusch). Similarly, Dr. Treusch's opinion

was contradicted by testifying medical experts Drs. Peterson and Goldstein, state-agency consultants Drs. Gross and Caruso-Radin, and consultative examiner Dr. Rohen. *See* AR 70–75, 112–14, 123–28, 309–10, 345–46, 1121. The consequences for reconsidering the weight of Dr. Treusch's testimony are correspondingly unclear. *See* R&R at 9 (changes in the weight of Dr. Treusch's testimony "could have altered the ALJ's conclusion"). Finally, even if Dr. Treusch's opinion were given controlling weight, a question remains whether the disability date would be February 2015, or September 2020. *See* AR 41–42 (showing Dr. Treusch's treatment began September 2020), 3117–3253 (showing Dr. Treusch issued her Assessment based only on her observations and medical history provided by Plaintiff).

For these reasons, remand for further proceedings is warranted. The R&R is thorough and well-reasoned. It correctly notes that two of the ALJ's reasons for discounting Dr. Treusch's opinion were unsupported by substantial evidence. R&R at 8. It correctly identifies a potential tension between aspects of the record the ALJ cited and aspects the ALJ failed to cite. *See* R&R at 8–9. And it correctly concludes that remand is warranted. R&R at 10. After independent review, the Court will adopt the R&R in full.

### III.     Order

Accordingly,

**IT IS ORDERED ADOPTING IN FULL** Magistrate Judge Ferraro's Report and Recommendation (Doc. 20);

**IT IS FURTHER ORDERED VACATING** the Social Security Commissioner's final decision **AND REMANDING** this matter to the Commissioner for further proceedings consistent with this Order and the R&R;

**IT IS FURTHER ORDERED DIRECTING** the Clerk of the Court to enter judgment accordingly and close this case.

Dated this 23rd day of February, 2023.

*Honorable John C. Hinderaker*
*United States District Judge*